WAYNE R. BERRY, Senior Trial Attorney, DC Bar 429661
SALVADOR SIMAO, Trial Attorney, NY and NJ Bar
CATHERN SMITH, Trial Attorney, DC Bar 475586
MEGAN GUENTHER, Trial Attorney, MD Bar
Office of the Solicitor
United States Department of Labor
200 Constitution Avenue, N. W., Room N-4611
Washington, DC 20210
Telephone: (202) 693-5588, Facsimile: (202) 693-5610
berry.wayne@dol.gov; simao.salvador@dol.gov
smith.cathern@dol.gov; guenther.megan@dol.gov

Attorneys for the Plaintiff
ELAINE L. CHAO, Secretary of Labor
UNITED STATES DEPARTMENT OF LABOR

FILED

OCT 24 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE J. MAZZOLA, et al.,<br><br>Defendants. | Civil Case No. C04-4949 PJH<br><br>**AMENDED STIPULATION FOR ENTRY OF PROTECTIVE ORDER FOR DISCLOSURE OF DOCUMENTS IN RESPONSE TO DISCOVERY REQUESTS [AND ~~PROPOSED~~ ORDER]** |

WHEREAS, in the course of discovery in this case, the parties may wish to disclose documents and information which the disclosing party contends constitute or contain privileged information ("Privileged Information"); and

WHEREAS, in the course of discovery in this case, the parties may wish to disclose documents and information which the disclosing party contends constitute or contain confidential and proprietary information; including, but not limited to, "trade

Amended Stipulation for Entry of Protective Order for Disclosure
of Documents in Response to Discovery Requests
Case No. C-04-4949 PJH

Page 1 of 8

secrets and commercial or financial information obtained from a person and privileged or confidential" under 5 U.S.C. § 552(b)(4) ("Confidential Information"); and

WHEREAS, the parties intend that, in the interest of full disclosure and in order to further this litigation without unnecessary motion practice, disclosure of Privileged Information or Confidential Information should not be treated as a waiver of any legal right or privilege for all purposes or for other information that the disclosing party may consider privileged or confidential. Privileged Information and Confidential Information are hereinafter referred to as the "Protected Information";

The parties hereto, by and through their counsel of record, hereby stipulate, pending approval of the Court, to the entry of a Protective Order (hereinafter referred to as the "Protective Order") on the following terms:

1. The parties may designate documents or information as Protected Information by sending a letter to counsel of record to the party seeking the information. The letter shall identify the Protected Information with reasonable particularity, such as by Bates-stamped numbers or by title and page numbers.

2. All Protected Information, whether contained or referred to in documents, deposition testimony, answers to interrogatories, written responses, answers to requests for admissions, affidavits, or declarations, or in copies, extracts, and summaries (complete or partial) prepared from such documents, or in copies of any of the foregoing, shall be subject to the Protective Order and shall not be divulged, disclosed, or used under any circumstances except as provided by the Protective Order.

3. Any deposition testimony in this litigation, or any portion thereof, concerning Protected Information may be itself designated as Protected Information by counsel for the parties. Such designation may be made in writing or orally to all counsel. Such designation may be made prior to the deposition, at the time of the deposition, or within 20 days after receipt of the deposition transcript(s) by counsel.

4. Protected Information, including any deposition testimony designated as such, shall be used solely for purposes of this litigation; shall not be published to the

Amended Stipulation for Entry of Protective Order for Disclosure
of Documents in Response to Discovery Requests
Case No. C-04-4949 PJH

Page 2 of 8

general public in any form and shall not be used for any other legal or business purpose, or in connection with any other litigation, and may be disclosed only to the following persons:

    a)    the parties to this action;

    b)    counsel of record for the parties to this action and employees of such counsel who are assisting counsel in the preparation of this action for trial, but only to the extent said employees have a need to know the contents of the Protected Information;

    c)    independent experts or consultants, including employees thereof, retained by counsel of record employed for the purpose of assisting counsel of record in the preparation of this action for trial, but only to the extent such persons need such Protected Information for that preparation;

    d)    judicial officers and Court personnel (including stenographic reporters employed by the Court):

    e)    stenographic reporters not employed by the Court who are reporting deposition testimony in this action, and their employees and agents who are assisting them for that purpose; and

    f)    any other person under such terms as may be agreed upon by the parties in writing or as the Court may hereafter order.

5.    Any person identified in Paragraphs 4(e) and (f) above shall not be given access to Protected Information unless and until he or she executes a written statement containing the following language or its substantive equivalent:

> I hereby acknowledge that I (name), (position of employment), am about to receive Protected Information supplied by (name of party). I understand that such information will be provided to me pursuant to a Protective Order in United States District Court Case No. 04-04949. I have read the Protective Order and agree to be bound by its terms. Protected Information as defined in that Order, as well as all copies, notes, and records of such Protected Information, shall not be used in any manner other than for purposes authorized under the Protective Order, and shall not be disclosed

Amended Stipulation for Entry of Protective Order for Disclosure    Page 3 of 8
of Documents in Response to Discovery Requests
Case No. C-04-4949 PJH

to anyone other than as authorized under the Protective Order. I understand that violation of the Protective Order may subject me to a citation for contempt of court which may be punishable by fine and/or imprisonment.

6. Counsel receiving Protected Information shall not make more copies of such Protected Information than counsel deems reasonably necessary for the prosecution of this action. All copies of Protected Information shall be kept and stored in a manner reasonably calculated to preserve confidentiality.

7. Protected Information, and papers and testimony referring to Protected Information, shall not be filed with the Court except in connection with this case and only as follows:

a) All submissions to the Court which incorporate or disclose Protected Information shall be submitted to the Court pursuant to procedures governing the filing of documents under seal as set forth in Civ. L. R. 79-5.

b) With regard to the Protected Information, the parties may, but are not required to, file documents designated Privileged Information and/or Confidential Information by that party under seal in the manner provided in subsection (a) above.

c) The court shall make appropriate orders to preserve the confidentiality of Protected Information accepted for filing under seal during proceedings in open Court and transcripts thereof.

d) The use of Protected Information in any Court proceedings in this action shall not cause the information or document to lose its protected status under the Protective Order.

8. The Protective Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether the use of any particular

Amended Stipulation for Entry of Protective Order for Disclosure of Documents in Response to Discovery Requests  
Case No. C-04-4949 PJH

Page 4 of 8

document or information should be restricted, or to move for a separate protective order as to any particular document or information, including restrictions different from those as specified herein.

9. Should any party wish to challenge the treatment of any information deemed Protected Information under the Protective Order, said party may move the Court by noticed motion for an order that such information does not constitute Protected Information. Before filing such a noticed motion, the party shall make a reasonable attempt to resolve the matter informally with counsel.

10. Nothing in the Protective Order nor the protection of any information or document under the terms of the Protective Order, nor any proceedings pursuant to the Protective Order, shall be deemed to have the effect of an admission or waiver by any party or of altering the privileged nature or confidentiality or non-privileged nature or non-confidentiality of any document or information. The fact that information is designated as privileged or confidential under the Protective Order shall not determine or affect what a trier of fact may find to be privileged, confidential or proprietary.

11. The Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

12. Upon termination of this case, by judgment, appeal, settlement, dismissal, or otherwise, unless otherwise agreed to in writing, all Protected Information subject to the Protective Order, including all copies thereof, shall be assembled and returned to counsel of record for the party designating said Protected Information as such, or the destruction of same shall be certified in writing by counsel for the party returning said Protected Information.

13. No part of the restrictions imposed by the Protective Order may be

Amended Stipulation for Entry of Protective Order for Disclosure
of Documents in Response to Discovery Requests
Case No. C-04-4949 PJH

Page 5 of 8

1  modified or terminated, except by a written stipulation executed by counsel of record for
2  the parties to this Protective Order, or by an Order of this Court.
3
4  IT IS SO STIPULATED.
5
6  DATED: October 20, 2005.          JONES DAY
7                                    By:_____/S/_____
                                         JAMES P. BAKER
8
9                                    Attorneys for Defendants
                                     Lawrence J. Mazzola; Lawrence Mazzola, Jr.;
10                                   William B. Fazande; Larry Lee; James R.
                                     Shugrue; Vohon J. Kazarian; Tom Irvine; Robert
11                                   E. Buckley; Robert Buckley, Jr; Art Rud; Ron
12                                   Fahy; Robert Nurisso; Frank Sullivan; U.A.
                                     Local 38 Pension Trust Fund; U.A. Local 38
13                                   Health & Welfare Trust Fund; U.A. Local 38
                                     Apprentice & Journeyman Training Trust Fund;
14                                   U.A. Local 38 Scholarship Trust Fund; U.A.
15                                   Local 38 Vacation and Holiday Trust Fund; U.A.
                                     Local 38 Convalescent Trust Fund and Richard
16                                   L. Milsner
17
18
19  DATED: October 19, 2005.         MANDELL LAW GROUP
20                                   By:_____/S/_____
21                                       Douglas D. Mandell
22                                   Attorneys for Defendants
                                     Local 38, United Association of Plumbers,
23                                   Pipefitters & Journeymen International and Local
24                                   38 Lakeside Haven, Inc.
25
26
27
28

Amended Stipulation for Entry of Protective Order for Disclosure
of Documents in Response to Discovery Requests
Case No. C-04-4949 PJH                                         Page 6 of 8

| | | |
|---|---|---|
|1| DATED: October 19, 2005. | SECRETARY OF LABOR |

By: /S/ Wayne R. Berry
Wayne R. Berry, Senior Trial Attorney
Salvador Simao, Trial Attorney
Cathern Smith, Trial Attorney
Megan Guenther, Trial Attorney

Attorneys for Plaintiff
ELAINE L. CHAO, Secretary of Labor,
UNITED STATES DEPARTMENT OF LABOR

## CERTIFICATION OF SIGNATURES

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

DATED: October 20, 2005.    JONES DAY

By: /S/
JAMES P. BAKER

Attorneys for Defendants
Lawrence J. Mazzola; Lawrence Mazzola, Jr.; William B. Fazande; Larry Lee; James R. Shugrue; Vohon J. Kazarian; Tom Irvine; Robert E. Buckley; Robert Buckley, Jr; Art Rud; Ron Fahy; Robert Nurisso; Frank Sullivan; U.A. Local 38 Pension Trust Fund; U.A. Local 38 Health & Welfare Trust Fund; U.A. Local 38 Apprentice & Journeyman Training Trust Fund; U.A. Local 38 Scholarship Trust Fund; U.A. Local 38 Vacation and Holiday Trust Fund; U.A. Local 38 Convalescent Trust Fund and Richard L. Milsner

Amended Stipulation for Entry of Protective Order for Disclosure of Documents in Response to Discovery Requests
Case No. C-04-4949 PJH

Page 7 of 8

## ORDER

**IT IS SO ORDERED.**

DATED: 10/24/05

_____
JUDGE PHYLLIS J. HAMILTON

Amended Stipulation for Entry of Protective Order for Disclosure
of Documents in Response to Discovery Requests
Case No. C-04-4949 PJH

Page 8 of 8