UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECRETARY OF LABOR ELAINE L. CHAO,<br><br>        Plaintiff,<br><br>    v.<br><br>LAWRENCE J. MAZZOLA, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-04-4949 PJH (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY**<br><br>**(Docket No. 98)** |

        The motion came on for hearing on August 9, 2006. Having considered the papers filed in support of and in opposition to the motion, the argument of counsel, and good cause appearing therefor, for the reasons stated on the record and supplemented herein, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the motion.

A.    <u>Depositions</u>

        The Court grants the motion with respect to deposition questions directed at the specific investigation of Defendants. In light of the affirmative defenses based on limitations and res judicata, Defendants are entitled to know what facts the Secretary knew and when she learned of those facts. These fact intensive inquiries would not implicate the deliberative process privilege because the answers would not reveal deliberative matters predecisional to significant policy decisions. *See Powell v. U.S. Dept. of Justice*, 584 F. Supp. 1508, 1518-19 (N.D. Cal. 2004). *See also Enviro Tech Int'l, Inc. v. U.S. EPA*, 371 F.3d 370, 374-75 (7th Cir. 2004). Nor would the answer necessarily reveal law enforcement techniques and procedures or interfere with an

investigation. *In re Dept. of Investigations*, 856 F.2d 481, 484 (2d Cir. 1988). Furthermore, given the relevance of the information, Defendants' need for this discovery outweighs the qualified privileges here.

The same is not true as to questions about DOL's general practices and procedures. These would more likely disclose law enforcement techniques, and their relevance to Defendant's affirmative defenses are marginal. Hence, need does not outweigh the privilege.

B.   Documents

The Court finds under *Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court*, 408 F.3d 1142 (9th Cir. 2005), the Secretary has waived the asserted privileges as to those documents for which no privilege log has been produced while briefing on the instant motion was still pending. In particular, the privilege has been waived as to redacted documents produced on 6/1/06 and 6/7/06, and for Items Nos. 2 & 3 on the July 14, 2006 privilege log which did not adequately describe said Items. As noted at the hearing, the discovery requests have been pending for months, even after taking into account the stand still agreement. The lack of a privilege log entry or inadequate entry has prevented Defendants and the Court from fairly evaluating the asserted privileges. The magnitude of production, while substantial was not overwhelming, especially considering the resources available to the Secretary. To permit production of additional privilege logs now would require the Court to order an additional round of briefing and another hearing in order to evaluate them.

As to the asserted privileges for documents properly listed in the July 14, 2006 privilege log and the supplemental privilege log for Items Nos. 1 and 4 recently produced herein, the Court directs the parties to meet and confer and consider the guidance provided by the Court at the hearing. In sum, documents which are largely factual in nature (*e.g.* notes of witness interviews and documents reviewed, etc.) from which attorney impressions and opinions are redacted are likely subject to production. Their relevance and importance to the affirmative defenses asserted herein likely will outweigh the work product privilege. These fact-focused documents are unlikely to implicate the deliberative process or law enforcement privileges. In contrast, documents which reveal litigation strategy, such as draft deposition questions, draft briefs, notes of trial testimony are likely privileged.

Mental impressions are generally not discoverable unless they are at issue in the case and the need for discovery is compelling. *Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). What and when the Secretary knew of certain facts, not what her attorneys' impressions and opinions were, is what is relevant here.

As to the attorney-client privilege, there is no implied waiver. It is Defendants, not the Secretary, that have put her knowledge of the facts at issue by virtue the affirmative defenses asserted by Defendants. Nonetheless, the burden is on the Secretary to show each communication for which the privilege is asserted, meets all the elements of the privilege. Thus, a communication between non-attorney staff is not privileged unless one of them is acting at the behest of an attorney or unless the parties are expressly discussing attorney advice. The purpose of the communication must be to obtain or facilitate the obtaining of legal advice. The parties shall consider this guide in their meet and confer.

Finally, as to tax returns and return information provided by the IRS to the DOL, Local 38 as the taxpayer seeking information on itself, is entitled to obtain that information for purposes of this litigation if disclosure would not seriously impair Federal tax administration. 26 U.S.C. § 6103(c). However, because the IRS is not a party to the litigation, the Court shall afford the IRS (via notification through the Secretary herein) an opportunity to object to the production of these records and make the case under § 6103(c).

The parties shall have until August 21, 2006 to meet and confer and reach a stipulation on documents listed in the July 14, 2006 and supplemental privilege log for Items Nos. 1 & 4. By said date, the parties shall report to the Court the result of the meet and confer and provide a list of documents, if any, for which a dispute remains. The Secretary shall also have until August 21, 2006 to submit an objection from the IRS to the production of the tax return and return information herein or alternatively, produce said documents.

///
///
///
///

3

Documents ordered produced herein or for which a stipulation is reached shall be produced within five (5) days of the order or stipulation. A protective order shall be employed where appropriate.

This order disposes of Docket No. 98.

IT IS SO ORDERED.

Dated: August 10, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

4