United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECRETARY OF LABOR ELAINE L. CHAO, | No. C-04-4949 PJH (EMC) |
| Plaintiff, | |
| v. | **ORDER RE DEFENDANTS' LETTER OF OCTOBER 9, 2006** |
| LAWRENCE J. MAZZOLA, *et al.*, | **(Docket No. 145)** |
| Defendants. | |
| _____/ | |

Defendants filed a letter on October 9, 2006, regarding several discovery disputes that they asserted needed to be resolved prior to completion of a 30(b)(6) deposition, scheduled for October 11 through 13, 2006. The Court held a telephonic hearing on the discovery disputes on October 11, 2006. This order memorializes and expands upon the rulings made by the Court at the hearing and also addresses several other issues that were not specifically discussed at the hearing.

A.    <u>Documents Created During Course of Investigation Leading to This Litigation</u>

During the hearing, Defendants represented that there were approximately ten to twelve documents that were created during the course of the investigation that led to this litigation (including but not limited to a ROI) that the Secretary improperly redacted. The Court ordered Defendants to identify those documents for the Secretary and ordered the Secretary to "unredact" any factual information (as opposed to, *e.g.*, deliberative) contained in those documents. The Court overruled the Secretary's objection that some of the factual information is not relevant to this litigation. Though the factual information may not be directly relevant to the claims asserted in the

1  Secretary's complaint against Defendants, the factual information may have some probative value
2  since it was part of the investigation leading to this litigation.  The burden on the Secretary is
3  minimal since only ten to twelve documents are at issue.
4      Defendants should immediately identify the documents at issue for the Secretary and the
5  Secretary should immediately produce the documents with the unredacted factual information.
6      As the Court warned the parties at the hearing, if it is subsequently established that the
7  Secretary improperly withheld factual information in spite of this order, the Secretary may be
8  sanctioned.  On the other hand, if Defendants subsequently move to compel on the documents (*e.g.*,
9  on the basis that, even after this order, the remaining redactions are improper) and it is established
10  that the motion is without basis, then Defendants may be sanctioned.

11  B.   <u>Written Discovery</u>

12      Although Defendants claim that the Secretary's responses to certain written discovery has
13  interfered with their ability to fully conduct the 30(b)(6) deposition, the Court finds -- at least at this
14  juncture -- that Defendants have failed to make such a showing.  That being said, in the interest of
15  moving discovery forward, the Court addressed the discovery disputes.
16      Regarding the RFAs, the Court ordered the parties to further meet and confer.  The parties
17  were instructed to meet and confer on each individual RFA.  The parties shall in good faith seek an
18  agreement on the form of the request and avoid gamesmanship and word-play.  Once the parties
19  have met and conferred on the RFAs, then the Secretary should respond to Interrogatory No. 1 (*i.e.*,
20  state the basis for each response to a RFA that is not an unqualified admission) as well as
21  Interrogatories Nos. 2 and 3, for each RFA for which there is not an unqualified admission.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1   Finally, with respect to documents, the Secretary should provide either a certification or
2   declaration that the Secretary has produced all documents responsive to the third set of RFPs that are
3   locatable after a diligent search of all locations at which such materials might plausibly exist.
4   This order disposes of Docket No. 145.

6   IT IS SO ORDERED.

8   Dated: October 11, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge