United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECRETARY OF LABOR ELAINE L. CHAO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAWRENCE J. MAZZOLA, *et al.*,<br><br>　　　　Defendants.<br>_____/ | No. C-04-4949 PJH (EMC)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STRIKE THE HVS REBUTTAL REPORT OF THE INTEGRA REALTY RESOURCES APPRAISAL**<br><br>**(Docket No. 159)** |

　　　　Plaintiff the Secretary of Labor has filed suit against Defendants for violations of ERISA. Currently pending is Defendants' motion to strike the HVS rebuttal report of the Integra Realty Resources appraisal.[1]  Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** the motion to strike.

### I.　　FACTUAL & PROCEDURAL BACKGROUND

　　　　At issue is an expert report authored by Suzanne R. Mellen, one of the Secretary's experts. Under the CMC schedule, opening expert reports were due on September 1, 2006 and rebuttal reports on October 3, 2006.

　　　　On September 1, the Secretary submitted a report by Ms. Mellen, titled "Self-Contained Appraisal Report, Konocti Harbor Resort & Spa." *See* Ritchey Decl., Ex. C.  This report by Ms. Mellen is an appraisal as of July 20, 2006, of the fair market value of the Konocti property. Defendants assert -- and the Secretary does not dispute -- that Ms. Mellen's report references an

---

[1] Because the parties agreed that no hearing on the motion was necessary (so long as the Court had no questions to ask), the Court deemed the matter submitted based on the papers only.

appraisal of the property done by a company called Integra Realty Resources but does "not address any deficiencies with the Integra appraisal nor offer any opinions about it." Mot. at 3 (emphasis omitted).

On October 3, Ms. Mellen submitted two additional reports, one titled "HVS Rebuttal Report of the Integra Realty Resources Appraisal, Konocti Harbor Resort & Spa," *see* Ritchey Decl., Ex. A, and the other "HVS Rebuttal Report of the PWC/Laposa Report, Konocti Harbor & Spa." *See* 2d Ritchey Decl., Ex. B. The first report is the report at issue. In this report, Ms. Mellen commented substantively on the Integra appraisal. Defendants argue that this report should be stricken because Ms. Mellen is offering a rebuttal opinion when Defendants never offered any expert testimony on appraisal in the first place. Defendants contend that the Secretary should have submitted the report as an opening report on September 1 rather than as a rebuttal report on October 3. Defendants further assert that they have been prejudiced by the report of Ms. Mellen.

Defendants filed this motion to strike on October 18, 2006. Ms. Mellen is scheduled to be deposed on November 17, 2006 (the last day of discovery). Dispositive motions are not to be heard until January 10, 2007. Trial is set for spring of next year.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(c) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c).

The Secretary contends that the Mellen report should not be stricken pursuant to Rule 37(c) because she did not fail to disclose information required by Rule 26(a). The Secretary argues that the Mellen report is a proper expert rebuttal report. The Secretary points out that Defendants submitted as one of its opening expert reports a report by Steven Laposa. *See* Opp'n, Ex. 1. Although Mr. Laposa did not make any appraisals of the Konocti property in his report, he did rely on, *inter alia*, the Integra appraisal in making various opinions on real estate investment issues. *See, e.g.*, *id.* at 3 ("[T]he appraisal reports of PKF (1997) . . . Integra Realty Resource (2005) represent reasonable and timely collection of relevant property and market information relating to the Konocti

1 Harbor Resort and Spa consistent with pension fund industry standards."). The Secretary asserts
2 that the Mellen report was responsive to Mr. Laposa's reliance on the Integra appraisal.

3 In response, Defendants argue, *inter alia*, that the Mellen report is not a true rebuttal of Mr.
4 Laposa's expert report. According to Defendants, the true rebuttal report is the report by Ms.
5 Mellen titled "HVS Rebuttal Report of the PWC/Laposa Report, Konocti Harbor & Spa." *See* 2d
6 Ritchey Decl., Ex. B. Defendants contend: "[A] quick read of Ms. Mellen's two rebuttal reports
7 confirms that they are both exactly what their title suggests they are, and that the Integra Rebuttal
8 has nothing to do with Mr. Laposa. . . . Any opinion rebutting an appraisal is not rebutting Mr.
9 Laposa's opinions." Reply at 1.

10 It is a close call as to whether the Mellen report that Defendants seek to strike can properly
11 be treated as a rebuttal report. There is at least a reasonable argument that the Mellen report is a
12 rebuttal report because it attacked one of the bases of the opinion offered by Mr. Laposa. In
13 addition, the facts in the instant case have not established that the report was a product of
14 gamesmanship. *Compare Atmel Corp. v. Information Storage*, 189 F.R.D. 410, 411 (N.D. Cal.
15 1999) (condemning practice where "an expert, as a matter of litigation tactics, chooses to wait and
16 see what references the opposition discovers on its own and then prepares a rebuttal report
17 thereon").

18 In any event, even if the position of the Secretary on this dispute were not substantially
19 justified, Rule 37(c) requires that there be prejudice to Defendants before sanctions may be imposed.
20 Defendants claim that they have been prejudiced because they have not had adequate time to consult
21 with an expert to prepare for Ms. Mellen's deposition on November 17. Defendants further claim
22 prejudice because, under the CMC schedule, they cannot respond to Ms. Mellen's opinions on the
23 Integra appraisal. The Court has its doubts as to Defendants' first claim of prejudice (Defendants'
24 motion to strike was filed a month before the deposition), but the second claim of prejudice has
25 merit. That being said, any prejudice to Defendants is capable of being cured as follows.

26 Accordingly, the Court shall not strike the Mellen report at issue but orders that: (1)
27 Defendants shall be permitted to serve a "rebuttal" report to the Mellen report at issue no later than
28 November 22, 2006; and (2) the Mellen deposition -- currently scheduled for November 17 -- shall

be rescheduled to a date no later than December 1, 2006 to afford Defendants an opportunity to consult an expert (such as the authors of the Integra appraisal report) prior to Ms. Mellen's deposition. These changes shall not otherwise affect the CMC schedule imposed by Judge Hamilton.

This order disposes of Docket No. 159.

IT IS SO ORDERED.

Dated: November 8, 2006

EDWARD M. CHEN
United States Magistrate Judge