UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

    Plaintiff,                      No. C 04-4949 PJH

    v.                              **ORDER DENYING REQUEST FOR SEALING ORDER**

LAWRENCE J. MAZZOLA, et al.,

    Defendants.

_____/

       On November 28, 2006, defendants filed a motion for summary judgment on six of the seven causes of action alleged in the first amended complaint. With the motion, defendants filed a motion for an order sealing 12 of the 33 exhibits attached to the declaration of Elaine Wallace in support of defendants' motion. Defendants identify the 12 documents only by Bates or other identifying number, as "produced by [plaintiff] in this litigation." Defendants assert that the request is narrowly tailored and is warranted by the fact that each of the 12 documents has been designated by plaintiff as "Confidential."

       Civil Local Rule 79-5 provides, in part, that "[n]o document may be filed under seal . . . except pursuant to a Court order that authorizes the sealing of the particular document, or portions thereof." Civ. L.R. 79-5(a). Further, a request for a sealing order "must be

narrowly tailored to seek sealing only of sealable material," and a sealing order "may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Id.

A protective order that allows a party to designate documents as sealable will not suffice to allow the filing of documents under seal. Id.

> If a party wishes to file a document that has been designated confidential by another party pursuant to a protective order, . . . the submitting party must file and serve an Administrative Motion for a sealing order and lodge the document, memorandum or other filing in accordance with this rule. . . . Within five days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record.

Civ. L.R. 79-5(d)

On December 4, 2006, Wayne R. Berry, counsel for plaintiff Secretary of Labor Elaine L. Chao, submitted a declaration "in compliance with L.R. 79-5(d)." Mr. Berry states that the 12 documents – which he describes only as falling into one of five general categories, but does not identify by exhibit number – should remain under seal in their entirety. He claims that these documents are protected by the "deliberative process" privilege and the "investigative files" privilege, and that the Secretary produced them "[a]s part of the parties' effort to cooperate and to further the progress of discovery."

This explanation is inadequate to warrant the issuance of a sealing order, and is not "narrowly tailored" as required by Local Rule 79-5. In essence, plaintiff is simply asserting that the documents should be sealed because plaintiff considers them to be confidential. Mr. Berry does not describe the individual documents, and makes no attempt to identify portions of the documents that contain sealable information or to explain, with any specificity, the basis upon which plaintiff seeks to have each of the 12 documents sealed in its entirety.

The court will grant plaintiff an additional five days in which to make the showing

1  required by Local Rule 79-5.  If plaintiff fails to make an acceptable showing by December
2  15, 2006, the clerk will file the unredacted Wallace declaration in the public file.

**IT IS SO ORDERED.**

Dated: December 8, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge