UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

    v.

LAWRENCE J. MAZZOLA, et al.,
    Defendants.
_____/

No. C 04-4949 PJH

**ORDER DENYING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL**

Defendants seek an order permitting the filing of documents under seal in support of their motion for summary judgment. Having considered defendants' motion and the relevant legal authority, the court hereby DENIES the motion.

On October 20, 2005, the parties in the present action submitted a stipulation and proposed protective order, under which they sought to limit access to certain discovery materials designated as "protected information." Such "protected information" included "privileged" information and "confidential"[1] information. The stipulation provided further that

---

[1] The stipulation references "confidential and proprietary information; including, but not limited to, 'trade secrets and commercial or financial information obtained from a person and privileged or confidential' under 5 U.S.C. § 552(b)(4)." Title 5 U.S.C. § 552 is commonly known as the Freedom of Information Act (FOIA). The parties do not explain the connection, if any, between FOIA and the present action, in which the Secretary of Labor asserts violations of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq.

the "protected information" would be used "solely for purposes of this litigation; would not be "published to the general public in any form;" would not be "used for any other legal or business purpose, or in connection with any other litigation;" and would be disclosed only to the parties, their counsel of record, independent experts and consultants, judicial officers and court personnel, and stenographic reporters who were reporting deposition testimony in this action. The proposed protective order included a reference to the procedure for filing documents under seal, required by Civil Local Rule 79-5. The proposed order was signed by the court on October 24, 2005.

The provision in the Federal Rules that provides for the issuance of protective orders appears in Federal Rule of Civil Procedure 26. Rule 26 explicitly imposes an affirmative duty "to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37." Fed. R. Civ. P. 26, Advisory Committee Notes, 1983 Amendment, subdivision (g). Under Rule 26, which is entitled "General Provisions Governing Discovery; Duty of Disclosure," "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(a). However, the court may issue an order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," limiting the scope of disclosure, or requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c).

On December 21, 2006, defendants in the present action filed a motion for summary judgment, and three declarations in support of the motion. Also on December 21, 2006, defendants filed an administrative motion for an order sealing, in their entirety, sixteen documents attached as Exhibits 5, 11-13, 15, 17, 19, 20, 22-27, 33, and 35 to the Declaration of Elaine Wallace. Defendants stated that "[t]he requested relief is necessary and narrowly tailored to protect the confidentiality of documents designated under the Protective Order."

Defendants articulated no justification for the sealing request, other than the fact that

1  the documents had been designated "confidential" by plaintiff, the Secretary of Labor.
2  Defendants simply indicated that, of the sixteen documents, thirteen (Exhibits 5, 11-13, 15,
3  17, 19, 20, 22-24, 33, and 35) had been "produced by Plaintiffs [sic] in this litigation," two
4  (Exhibits 26 and 27) were exhibits to the deposition of Karl Spargur in this action, and one
5  (Exhibit 25) was a declaration of a paralegal specialist in the Office of the Chief Counsel for
6  the Internal Revenue Service.

7      In accordance with Civil Local Rule 79-5, the Secretary filed a declaration by her
8  counsel Wayne R. Berry, purporting to "establish[ ] that the designated information is
9  sealable." Civil L.R. 79-5(d). Of the sixteen documents, Mr. Berry asserts that Exhibits 11
10 and 33, and pages 13-91 of Exhibit 26 need not be filed under seal; that Exhibit 25 and
11 pages 10-12 of Exhibit 26 are documents produced by the Internal Revenue Service, not
12 the Department of Labor, as to which the Secretary does not seek a sealing order; and that
13 Exhibits 5, 12, 13, 15, 17, 19, 20, 22-24, 35, and pages 1 and 4-8 of Exhibit 26 should be
14 filed under seal in their entirety because they are "covered by the deliberative process and
15 investigative files privileges." In addition, Mr. Berry asserts that Exhibit 24 and pages 2-8 of
16 Exhibit 26 are protected from public disclosure under Internal Revenue Code § 6103,
17 because they discuss tax return information. Mr. Berry also contends that page 9 and 10-
18 12 of Exhibit 26 are arguably also § 6103-covered taxpayer information, but that the IRS
19 should provide information relevant to whether the documents should be sealed.

20     Courts have historically recognized a "general right to inspect and copy public
21 records and documents, including judicial records and documents." Nixon v. Warner
22 Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978), quoted in Kamakana v. City of Honolulu,
23 447 F.3d 1172, 1178 (9th Cir. 2006). While "restraints placed on discovered, but not yet
24 admitted, information are not a restriction on traditionally public sources of information," a
25 presumption of access applies to discovery material once it is filed with the court. Foltz v.
26 State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1134-35 (9th Cir. 2003) (quotation
27 and citation omitted).

28     As emphasized in the undersigned judge's "Standing Order for Cases Involving

Sealed or Confidential Documents," documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. See Kamakana, 447 F.3d at 1178-79. A "good cause" showing, without more, will not satisfy a "compelling reasons" test, but will suffice only to maintain the confidentiality of documents attached to non-dispositive motions. Id. at 1179-80. The Ninth Circuit has adopted this principle of disclosure "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" Id. at 1179 (quoting Valley Broadcasting Co. v. U.S. Dist. Court, 798 F.2d 1289, 1294 (9th Cir. 1986)).

The court finds that defendants have not established "compelling reasons" for the sealing of the fourteen exhibits or portions of exhibits described in the Berry Declaration, as to which defendants and the Secretary both seek a sealing order.[2] With regard to the documents that the Secretary claims are covered by the deliberative process and investigative files privileges – Exhibits 5, 12, 13, 15, 17, 19, 20, 22-24, 35, and pages 1 and 4-8 of Exhibit 26 – the request is denied because the assertion of privilege, without more, is effective only to justify the withholding of documents or other evidence in discovery. Once the evidence has been produced to the opposing party or parties, the privilege has been waived. See, e.g., Gomez v. Vernon, 255 F.3d 1118, 1131-32 (9th Cir. 2001). The fact that the parties stipulated that "privileged" material would be maintained in this litigation as "protected information" and not publicly disclosed is irrelevant if the party seeking to have the material filed under seal cannot satisfy the "compelling reasons" test articulated in Kamakana.

With regard to the documents produced by the IRS, as to which the Secretary does not seek a sealing order – Exhibits 25 and pages 10-12 of Exhibit 26 – the court finds that no party has articulated any reason for a sealing order, let alone a "compelling reason."

---

[2] As noted above, the Secretary does not seek to have Exhibits 11, 33, and pages 13-91 of Exhibit 26 filed under seal.

4

Nor, as Mr. Berry proposed, has the IRS filed a request seeking to have the documents filed under seal.

Finally, with regard to the documents that the Secretary claims are protected from public disclosure under IRC § 6103 – Exhibits 24, and pages 2-12 of Exhibit 26 – the taxpayers whose returns are discussed in those documents appear to be U.A. Local 38 Health and Welfare Trust Fund, U.A. Local 38 Convalescent Trust Fund, and U.A. Local 38 Pension Trust Fund, all of whom are defendants in the present action. However, defendants themselves have provided no justification for sealing these documents.

Accordingly, the court finds that defendants' motion to file Exhibits 5, 11-13, 15, 17, 19, 20, 22-27, 33, and 35 to the Wallace Declaration under seal must be DENIED.

**IT IS SO ORDERED.**

Dated: January 19, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge