United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE CHAO, Secretary of Labor, United States Department of Labor,<br><br>            Plaintiff,<br><br>     v.<br><br>LAWRENCE J. MAZZOLA, et al.,<br><br>            Defendants.<br>_____/ | No. C-04-4949 PJH<br><br>**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT, DENYING MOTION TO AMEND ANSWER, AND GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE TESTIMONY** |

The parties' cross-motions for summary judgment, defendants' motion for leave to amend the answer, and defendants' motion to exclude or limit testimony of plaintiff's expert Suzanne Mellen came on for hearing before this court on May 2, 2007. Plaintiff appeared by her counsel Wayne Berry and Peter Dolan; defendants United Association of Plumbers, Pipefitters & Journeymen International, Local 38; and Local 38 Lakeside Haven, Inc. appeared by their counsel Douglas D. Mandell; and the remaining defendants appeared by their counsel James Baker, Katherine Ritchey, Elaine Wallace, and Heather Reinschmidt. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows for the reasons stated at the hearing.

    1.    The parties' cross-motions for summary judgment are DENIED, as the court finds that disputed issues of material fact preclude summary judgment.

    2.    Defendants' motion to amend the answer is DENIED.

    3.    Defendants' motion to exclude the testimony of plaintiff's expert Suzanne

Mellen is GRANTED in part and DENIED in part.  The motion is granted as it pertains to those portions of Ms. Mellen's reports based on information obtained from the three "subcontractors" – Jeff Lucas, Wayne Brandt, and Mike Conser.  The motion is otherwise denied.  The parties shall meet and confer regarding any additional discovery with respect to Mellen's testimony.  If the parties are unable to reach an agreement, they shall notify Magistrate Judge Chen by joint letter.

4. In addition, no later than May 9, 2007, the parties shall advise the court if they are willing to consent to the jurisdiction of a magistrate judge for the trial of this action, and if possible, which magistrate judge they would prefer.  The parties will also be referred to a settlement conference with a magistrate within 60 days.

5. In the event that the parties do not consent to the jurisdiction of a magistrate judge for trial, the earliest trial date available will likely be May 2008.  Prior to the trial, the parties are requested to either stipulate as to all transactions that form the basis of the Secretary's claims of improper transfers of funds; or agree that defendants will submit to an accounting to be presented to the court.

Alternatively, the parties should consider whether they could best assist the court by providing a financial or accounting expert to assist the court at trial.  In addition, the Secretary should determine whether she would object to any order of the court requiring the parties to share expenses for such an appointment.  Within one week following the conclusion of the settlement conference, if the case does not settle, the parties shall meet and confer and advise the court in writing as to how they wish to proceed in this regard.

**IT IS SO ORDERED.**

Dated:  May 3, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

2