1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12
13

ELAINE L. CHAO, Secretary of Labor,
UNITED STATES DEPARTMENT OF LABOR,

      )  Civil Case No. C04-04949 PJH

14
15
16
17
18

    Plaintiff,

   v.

LAWRENCE J. MAZZOLA, et al.,

    Defendants.

)
)
)  CONSENT ORDER
)
)
)
)
)
)

19
20   Plaintiff Elaine L. Chao, Secretary of the United States Department of Labor

21 ("Secretary"), and individual defendant trustees Lawrence J. Mazzola, Sr., Lawrence J.

22 Mazzola, Jr., William B. Fazande, Larry Lee, James R. Shugrue, Vohon J. Kazarian, Tom

23 Irvine, Robert E. Buckley, Robert Buckley, Jr., Art Rud, Ron Fahy, and Robert Nurisso

24 (collectively, "Defendant Trustees"); individual defendant Frank Sullivan; entities Local

25 38, United Association of Plumbers, Pipefitters, and Journeymen International ("Local

26 38"), U.A. Local 38 Convalescent Trust Fund ("Convalescent Fund"), Local 38 Lakeside

27 Haven, Inc. ("Lakeside"); and Rule 19 parties Richard L. Milsner, U.A. Local 38 Pension

28 Trust Fund, U.A. Local 38 Health & Welfare Trust Fund, U.A. Local 38 Apprentice &

1    Journeyman Training Trust Fund, U.A. Local 38 Vacation & Holiday Trust Fund and

2    U.A. Local 38 Scholarship Trust Fund (all collectively, "Defendants"), by and through

3    their respective attorneys, have negotiated an agreement to settle all civil claims and issues

4    between them in this action, and each consents to the entry of this Consent Order

5    ("Order") by the Court as the sole and complete memorialization of the terms of such

6    agreement.

7         1.  This action was filed by the Secretary pursuant to her authority under Title I of

8    the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et

9    seq., as amended.  The Secretary's Amended Complaint alleges, among other things, that

10   the Defendant Trustees and Defendant Sullivan violated provisions of Title I of ERISA

11   while acting in a fiduciary capacity with respect to the U.A. Local 38 Pension Trust Fund

12   ("Pension Plan"), U.A. Local 38 Health & Welfare Trust Fund ("Health Plan"), U.A.

13   Local 38 Apprentice & Journeyman Training Trust Fund ("Apprenticeship Plan"), U.A.

14   Local 38 Vacation & Holiday Trust Fund ("Vacation Plan") and U.A. Local 38

15   Scholarship Trust Fund ("Scholarship Plan"), all of which are employee benefit plans

16   subject to the coverage of ERISA (collectively, "Plans").  Richard L. Milsner and the

17   Plans are joined as defendants pursuant to Rule 19, Fed. R. Civ. P.

18        2.  By agreeing to the entry of this Order, Defendants neither admit nor deny the

19   substantive allegations of the Secretary's Amended Complaint.  Defendants admit that the

20   Court has jurisdiction over the parties and the subject matter of this action.

21        3.  The Secretary and Defendants expressly waive Findings of Fact and

22   Conclusions of Law and consent to the entry of this Order as a full and complete

23   resolution of all of the civil claims and issues raised in the Amended Complaint without

24   trial or adjudication of any issue of fact or law raised in the Amended Complaint.

25        Accordingly, it is ORDERED, ADJUDGED AND DECREED that:[1]

26   _____

27   [1] All captions in this Order are for ease of reference only and do not constitute substantive

28   provisions.

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

1

## I. JURISDICTION

2

3

The Court has jurisdiction over the parties to this Order and subject matter of this

action and is empowered to provide the relief herein.

4

## II. PLAN ADMINISTRATION

5

A. The Plans[2] agree to issue requests for proposals (with service of copies on the

6

Secretary), within thirty (30) days[3] of the date of entry of this Order, for the position of an

7

Independent Plan Administrator and shall require responsive proposals to be received by

8

the Plans and served on the Secretary within fifty-five (55) days thereafter. Within thirty

9

(30) days after all responsive proposals are received, the Plans shall select an Independent

10

Plan Administrator and notify the Secretary of that selection. Within seven (7) days

11

thereafter, the Secretary may notify the Plans of objections to that selection. If the Plans

12

and the Secretary resolve any such objections within thirty (30) days thereafter, then the

13

Plans shall appoint that selection as the Independent Plan Administrator and move the

14

Court to approve that selection. If the Plans and the Secretary cannot resolve any such

15

objections within such thirty (30) days, then the Plans or the Secretary may file an

16

appropriate motion with the Court.

17

B. The Independent Plan Administrator must have the experience and

18

qualifications necessary to administer ERISA pension and welfare plans. The

19

Independent Plan Administrator shall receive reasonable compensation from each of the

20

Plans for which it renders services, subject to approval by the Court, as set forth in

21

Paragraph G below.

22

C. The Independent Plan Administrator shall have the exclusive power to

23

administer the Plans in accordance with ERISA, this Order and other applicable law. The

24

_____

25

[2]   All actions required to be taken by the Plans by the terms of this Consent Order shall be
effected by the Plans' current trustees and the successor trustees appointed to fill the
vacancies on the Joint Board of Trustees created by the trustee resignations required
herein or by any subsequent trustee resignations.

26

27

28

[3]   Time periods in days mean calendar days.

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

1    Independent Plan Administrator shall establish, implement and maintain internal financial

2    and accounting controls for the Plans consistent with ERISA.

3        D. The Independent Plan Administrator shall report to the Plans and the Secretary,

4    no less frequently than on a quarterly basis, all significant actions taken and all Plan funds

5    expended. The first report or reports shall be submitted within sixty (60) days of its

6    appointment. This provision is not intended to preclude the Independent Plan

7    Administrator from bringing any appropriate matter to the Court's attention at any time.

8        E. Within one hundred twenty (120) days of its appointment, the Independent Plan

9    Administrator shall report in writing to the Plans and the Secretary, on recommendations

10   for establishing, implementing and maintaining internal financial and accounting controls

11   consistent with ERISA, including a timetable for implementation.

12       F. The Independent Plan Administrator shall notify the Court, the Plans, and the

13   Secretary when all of its recommendations have been implemented

14       G. Within thirty (30) calendar days of the date of its appointment, the Independent

15   Plan Administrator shall notify the Plans and the Secretary of its proposed fee schedule. If

16   the Independent Plan Administrator does not receive any objection to the proposed fee

17   schedule within ten (10) days of its notice to the Plans and the Secretary, the Independent

18   Plan Administrator shall file the proposed fee schedule with the Court. The proposed fee

19   schedule shall be deemed approved by the Court fifteen (15) days after its filing unless the

20   Court orders otherwise. If the Plans or the Secretary object to the proposed fee schedule,

21   they shall notify each other and the Independent Plan Administrator within ten (10) days

22   of receipt of the proposed fee schedule. The Plans and the Secretary shall have fifteen

23   (15) days from receipt of any objection to resolve said objections or to file an appropriate

24   motion with the Court. If the Plans and the Secretary resolve their objections, they shall

25   notify the Independent Plan Administrator, and the Independent Plan Administrator shall

26   file the agreed upon proposed fee schedule with the Court. The agreed upon proposed fee

27   schedule shall be deemed approved by the Court fifteen (15) days after its filing unless the

28   Court orders otherwise.

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

H.  Upon approval of the fee schedule by the Court, the Independent Plan Administrator shall file quarterly billings with the Court, with copies to the Plans and the Secretary.  If the Plans or the Secretary do not object to the bill within fifteen (15) days of its filing with the Court, the bill shall be deemed approved by the Court unless the Court orders otherwise, and it shall be paid.

I.  The Plans and the other Defendants shall cooperate fully, and the Plans shall cause their service providers to cooperate fully, with the Independent Plan Administrator in the performance of its duties and shall, without a subpoena and upon request, provide the Independent Plan Administrator with complete access to all books and records and to all employees of the Plans' Administrative Office.

J.  The Independent Plan Administrator shall serve for six (6) years from the date of entry of this Consent Order.  The Plans shall not have the power by their own action to remove, with or without cause, any Independent Plan Administrator appointed under this Order.  The Independent Plan Administrator may be removed only for cause, and any such removal for cause may be accomplished only either by agreement between the Secretary and the Plans or by the Court upon noticed motion of any party.

K.  The Independent Plan Administrator shall have the right to resign sixty (60) days or more after the Court appoints a successor and after the Independent Plan Administrator delivers to the Secretary and the Plans written notice of such resignation. The Plans shall notify the Secretary of any proposed successor to an Independent Plan Administrator thirty (30) or more days before filing any motion for Court approval of the successor.  An incumbent Independent Plan Administrator must continue to serve under this Order until the Court approves the appointment of a successor Independent Plan Administrator.

III.  INVESTMENT MONITOR AND INVESTMENT MANAGERS

A.  All assets of the Pension Plan will be managed by professional investment managers.  The Pension Plan's current investment managers (Loomis Sayles, Alliance Bernstein, Victory Capital, WCM Management, Oak Brook Investment, and WhiteStar

1   Advisors) may remain serving in their present capacity.  However, nothing set forth herein

2   constitutes the Court's or the Secretary's approval or endorsement of any particular

3   investment manager, and nothing set forth herein shall be construed to limit the power of

4   the Independent Plan Administrator in connection with its oversight of the Pension Plan,

5   as set forth above,  including but not limited to the appointment of additional investment

6   managers or the removal of any investment manager.

7        B.  RBC Dain Rauscher currently advises the U.A. Local 38 Joint Board of

8   Trustees as a monitor of the Pension Plan's investment managers.  RBC Dain Rauscher

9   may remain serving the Pension Plan in its present capacity.  However, nothing set forth

10   herein constitutes the Court's or the Secretary's approval or endorsement of any particular

11   investment monitor, and nothing set forth herein shall be construed to limit the power of

12   the Independent Plan Administrator in connection with its oversight of the Pension Plan,

13   as set forth above, including but not limited to the power to appoint or remove a monitor

14   of the investment managers.

15                                IV.  MONETARY RELIEF

16        A.  Defendants will cause their fiduciary liability insurance carrier to pay, within

17   thirty (30) days after the date of entry of this Order, a total of $3.5 million (three million

18   five hundred thousand dollars).

19        B.  The amount set forth in paragraph A above shall be allocated as follows:

20             1.  Payment of $2,916,667 (two million nine hundred sixteen thousand six

21   hundred sixty-seven thousand dollars) will be allocated to the Pension Plan.

22             2.  Payment of $583,333 (five hundred eighty-three thousand, three

23   hundred thirty-three dollars) will be paid to the United States Treasury in the time and

24   manner provided by ERISA § 502(l), 29 U.S.C. § 1132(l), and the regulations thereunder,

25

26

27

28

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

by forwarding a check or other instrument made payable to the United States and in the appropriate amount to:

If by regular U.S. Mail:

U.S. Department of Labor
ERISA Civil Penalty
P.O. Box 70942
Charlotte, NC  28272-0942

If by overnight service:

U.S. Department of Labor
QLP Wholesale Lockbox - NC0810
Lockbox # 70942
1525 West WT Harris Blvd
Charlotte, NC  28262

## V. INDEPENDENT FIDUCIARY

A.  WhiteStar Advisors, LLC ("WhiteStar") shall be appointed as the Independent Fiduciary of the U.A. Local 38 Convalescent Fund with its primary mandate being to sell Konocti Harbor Resort & Spa ("Konocti").  Pending the sale or other disposition of Konocti, the Independent Fiduciary shall exercise its independent control and discretion to operate, manage or terminate Konocti's operations, or any other actions that are prudent in its judgment to preserve the value of Konocti, until it is sold.

B.  The Independent Fiduciary shall have the foregoing authority over Konocti independently of any Defendant (including any successors in interest) in this action.  Approval by any Defendant (including any successors in interest) in this action shall not be a condition to any of the Independent Fiduciary's actions or decisions under this consent order concerning Konocti.

C.  Nothing herein shall be construed as invalidating or validating any contract for sale of Konocti that is executed prior to the date of entry of this Order.

D.  The Independent Fiduciary's reasonable fees, costs, and other expenses shall be paid by the Plans and the Convalescent Trust Fund.  Within thirty (30) calendar days of the date of entry of this Order, the Independent Fiduciary shall notify the Plans and the Secretary of its proposed fee schedule.  If the Independent Fiduciary does not receive any objection to the proposed fee schedule within ten (10) days of its notice to the Plans and the Secretary, the Independent Fiduciary shall file the proposed fee schedule with the Court.  The fee schedule shall be deemed approved by the Court fifteen (15) days after its

1   filing unless the Court orders otherwise.  If the Plans or the Secretary object to the

2   proposed fee schedule, they shall notify each other and the Independent Fiduciary within

3   ten (10) days of receipt of the proposed fee schedule.  The Plans and the Secretary shall

4   have fifteen (15) days from receipt of any objection to resolve said objections or to file an

5   appropriate motion with the Court.  If the Plans and the Secretary resolve their objections

6   to the proposed fee schedule, they shall notify the Independent Fiduciary, and the

7   Independent Fiduciary shall submit the agreed upon proposed fee schedule to the Court.

8   The agreed upon fee schedule shall be deemed approved by the Court fifteen (15) days

9   after its filing unless the Court orders otherwise.

10        E.  Upon approval of the fee schedule by the Court, the Independent Fiduciary

11   shall file quarterly billings with the Court, with copies to the Plans and the Secretary.  If

12   the Plans or the Secretary do not object to the bill within ten (10) days of its filing with the

13   Court, the bill shall be deemed approved by the Court unless the Court orders otherwise,

14   and it shall be paid.

15        F.  Within ten (10) days after the closing date of any sale of Konocti, the

16   Independent Fiduciary shall notify the Secretary in writing of the sale of Konocti and shall

17   provide the Secretary with a fully executed and complete copy of the contract for that sale.

18        G.  In the event Konocti is sold, the Independent Fiduciary shall allocate and

19   distribute the proceeds from the sale as follows:

20             (1) Local 38 will receive the first $4 million (four million dollars) owed to

21        Local 38 on the outstanding principal balance and unpaid interest on its loan,

22        originating on September 29, 2000 and as subsequently rewritten and amended

23        through June 14, 2007, to the Convalescent Fund (hereinafter the "Loan"), with

24        such outstanding principal balance and unpaid interest to be calculated as of the

25        date or dates of distribution of the sales proceeds.

26             (2) The Pension Plan shall receive the next $6 million (six million dollars).

27

28

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

1    (3) Local 38 and the Pension Plan shall, when the buyer pays each

2    installment of any additional sales proceeds, share any additional proceeds equally

3    until the outstanding balance on the Loan is repaid.

4    (4) After payments (1) through (3) have been made, the Pension Plan shall

5    receive the remainder of the sales proceeds.

6    H. The Independent Fiduciary shall serve until such time as Konocti is sold. The

7    Independent Fiduciary may be removed only for cause, and any such removal for cause

8    may be accomplished only by either agreement between the Secretary and the Plans or by

9    the Court upon noticed motion of any party.

10    I. The Independent Fiduciary shall have the right to resign sixty (60) days or more

11    after the Court appoints a successor and after the Independent Fiduciary delivers to the

12    Secretary and the Plans written notice of such resignation. The Plans shall notify the

13    Secretary of any proposed successor to an Independent Fiduciary thirty (30) or more days

14    before filing any motion for Court approval of the successor. An incumbent independent

15    fiduciary must continue to serve under this Order until the Court approves the appointment

16    of a successor Independent Fiduciary.

17    VI. RETIREMENTS AND RESIGNATIONS

18    A. Defendant Sullivan has retired from his position as plan administrator, and

19    Defendants Fazande, Irvine, Kazarian, Lee, and Shugrue have retired from their positions

20    as trustees of the Local 38 Plans.

21    B. Defendants Buckley, Sr., Mazzola, Sr., Nurisso, Fahy and Rud agree to retire

22    from their positions as Local 38 Plan trustees as soon as practicable, but in no event later

23    than December 31, 2007. Their resignations shall be conducted in an orderly and

24    reasonable manner consistent with Defendants' fiduciary responsibilities under ERISA, so

25    as not to interfere with the administration of the Plans, and in accordance with any

26    applicable procedures set forth in the documents and instruments governing the Plans.

27    C. Except as provided in Paragraphs D, E  and F below, Defendant Sullivan and

28    all Defendant Trustees permanently agree not to, directly or indirectly, individually or

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

1  through any entity or any other person:

2          (1) serve or act, for compensation or otherwise, as an administrator,

3  fiduciary, officer, trustee, custodian, counsel, agent, employee or representative in

4  any capacity of any ERISA-covered employee benefit plan;

5          (2) serve or act, for compensation or otherwise, as a consultant or adviser to

6  any ERISA-covered employee benefit plan or to any entity whose activities are in

7  whole or substantial part devoted to providing goods or services to any

8  ERISA-covered employee benefit plan;

9          (3) serve or act, for compensation or otherwise, in any capacity that

10  involves decision making authority or custody or control of the monies, funds,

11  assets or property of any ERISA-covered employee benefit plan; or

12          (4) sell, promote, market or provide any product or service to, make any

13  recommendation concerning any product, service or investment to, or bring any

14  product, service or investment to the attention of, any ERISA-covered plans or to

15  any person acting on behalf of such plans.

16      D.  Defendants Buckley, Jr., and Mazzola, Jr., may remain as a trustees of the

17  Local 38 Plans.

18      E.  Defendant Fahy may continue to serve as a member of the Apprenticeship

19  Training Committee of the Apprenticeship Fund.

20      F.  Defendant Mazzola, Sr., will resign from his position as a trustee of the

21  International Training Fund with the United Association of Journeymen and Apprentices

22  of the Plumbing and Pipe Fitting Industry of the United States and Canada on or before

23  December 31, 2009.  Defendant Kazarian will resign from his fiduciary position with any

24  Sheet Metal Workers employee benefit plan by July 1, 2008.

25      G.  Defendants Mazzola, Jr. and Buckley, Jr., will attend a training program

26  approved by the Secretary on the responsibilities of ERISA fiduciaries by July 31, 2008.

27  For purposes of this paragraph, a training program will be deemed to have been approved

28  by the Secretary if at least one Department of Labor employee is a speaker or instructor

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

1  for at least one class, portion or session of the training program and if the training program

2  provides at least eight (8) hours of instruction on the responsibilities of ERISA fiduciaries.

3  For purposes of this provision, "shall attend" includes the use of audio cassette recordings,

4  video cassette recordings and teleweb seminars.

5       H.  Defendants Buckley, Jr., and Mazzola, Jr., as a condition of maintaining their

6  positions with the Local 38 Plans, shall provide the Secretary with a sworn statement

7  verifying that they have complied with Paragraph G above by August 10, 2008.

8       I.  Nothing in this Order is intended to prohibit any Defendant from serving in any

9  union position, as long as the duties of that position do not conflict with Paragraph C

10 above, or from participating in negotiations concerning employee benefits to be provided

11 pursuant to collective bargaining agreements.

12 VII.  NOTICE

13      Provisions of this Order requiring notice to the Plans shall be satisfied by

14 delivering it in writing to the Plans in care of:

15     Independent Plan Administrator

16     U.A. Local 38 ERISA Trust Funds
    1625 Market Street

17     San Francisco, CA 94103
    Fax: (415) 626-2090

18 with a duplicate delivered to:

19

20     James P. Baker, Esq.
    Jones Day

21     555 California Street
    San Francisco, CA  94104

22     Fax:  (415) 875-5700

23 Provisions of this Order requiring notice to the Secretary shall be satisfied by delivering it

24 in writing to:

25     Regional Director
    U.S. Department of Labor

26     Employee Benefits Security Administration

27     90 Seventh Street, Suite 11-300
    San Francisco, CA  94103

28     Fax:  (415) 625-2499

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

with a duplicate delivered to:

> Associate Solicitor
> Plan Benefits Security Division
> U.S. Department of Labor
> 200 Constitution Avenue, N.W., Room N-4611
> Washington, DC 20210
> Fax: (202) 693-5610

Delivery shall be made by facsimile transmission or reliable overnight express courier service. The parties to this Order may, as they deem necessary, change from time to time the designation of persons to receive notice on their behalf by filing with the Court notification of such change and serving a copy thereof on the other party or parties to this Order, by delivery to the address to which notice would be sent.

## VIII. RELEASES

A. The Secretary hereby waives, releases and forever discharges any and all claims which she has or may have against the Defendants, including their attorneys, employees or representatives or insurers, relating to the transactions, events, acts or omissions alleged in the Amended Complaint, as well as any and all other claims of whatsoever nature that she has or may have against the Defendants, including their agents, attorneys, employees or representatives or insurers, arising out of or in connection with the filing of this civil action, direct or indirect transfers of ERISA Plan assets to or for the benefit of the Convalescent Fund or the Konocti Harbor Resort & Spa, or any other proceedings or investigations incident thereto, through the date of entry of this Order.

B. Defendants expressly waive any and all claims of whatsoever nature which they, jointly or severally, have or may have against the Secretary, or any of her officers, agents, employees, or representatives, in both their governmental and individual capacities, arising out of or in connection with this civil action, or any other proceedings and investigations incident thereto, including but not limited to claims under the Equal Access to Justice Act, as amended.

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

1    C.  Each party to this Order shall bear its own costs, expenses, and attorney's fees

2    in connection with this action.  This paragraph shall not affect any party's entitlement to

3    advancement or indemnification with respect to such costs, expenses, or attorney's fees

4    under any applicable insurance policy or policies.

5    D.  This Order represents a full, final, and complete judicial resolution of all claims

6    between the Secretary and the Defendants contained in this action.

7    E.  This Order is not binding on any governmental agency other than the United

8    States Department of Labor.

9    F.  By signing this Order, each signatory Defendant and each signatory current

10   Plan trustee represents that, after having read this Order, he understands it, has agreed to

11   it, and agrees to comply with it.

12                          IX.  RETENTION OF JURISDICTION

13   This Court shall retain jurisdiction over the parties and subject matter of this action

14   for the purpose of enforcing the terms of this Order.

15                            X.  MULTIPLE ORIGINALS

16   This Order may be executed in counterparts, each of which shall be deemed to be

17   an original, but all of which, taken together, shall constitute one and the same instrument.

18                            XI.  DISMISSAL OF ACTION

19   The Secretary's Amended Complaint and all claims asserted therein are hereby

20   dismissed with prejudice.

21   IT IS SO ORDERED.

22

23

24   Dated: _____August 17_____, 2007



25   HON_____ON

     UNITED S_____T JUDGE

26

27

28

                                    - 13 -                    **CONSENT ORDER**
                                                             **Case No. 04-04949 PJH (EMC)**

1    The undersigned hereby consent to the entry of this Order:

2

3

4    Dated: _July 16_____, 2007        JONATHAN L. SNARE
                                       Acting Solicitor of Labor
5
                                       TIMOTHY D. HAUSER
6                                      Associate Solicitor
                                       Plan Benefits Security Division
7
8                                      THERESA S. GEE
                                       Deputy Associate Solicitor
9
                                       RISA D. SANDLER
10                                     Counsel for Fiduciary Litigation

11

12                                     By: _Wayne R Berry_____
                                           Attorney signing
13

14                                         WAYNE R. BERRY
                                           PETER B. DOLAN
15                                         MEGAN E. GUENTHER
                                           Attorneys for Plaintiff
16                                         ELAINE L. CHAO, Secretary of Labor,
                                           U.S. Department Of Labor
17

18

19

20

21

22

23

24

25

26

27

28

                              - 14 -                    **CONSENT ORDER**
                                                        **Case No. 04-04949 PJH (EMC)**

FOR INDIVIDUAL DEFENDANTS:

Dated: _7-9-07_____, 2007          _____
                                   LAWRENCE J. MAZZOLA, SR.

Dated: _7/10_____, 2007          _____
                                   LAWRENCE J. MAZZOLA, JR.

Dated: _7-10-07____, 2007          _____
                                   WILLIAM B. FAZANDE

Dated: _7-11-07____, 2007          _____
                                   LARRY LEE

Dated: _____, 2007          _____
                                   JAMES R. SHUGRUE

Dated: _7/11/07____, 2007          _____
                                   VOHON J. KAZARIAN

Dated: _7/10/07____, 2007          _____
                                   TOM IRVINE

Dated: _7/10_____, 2007          _____
                                   ROBERT E. BUCKLEY

Dated: _7/10_____, 2007          _____
                                   ROBERT BUCKLEY, JR.

Dated: _____, 2007          _____
                                   ART RUD

Dated: _____, 2007          _____
                                   RON FAHY

Dated: _7-10-_____, 2007          _____
                                   ROBERT NURISSO

Dated: _7-10_____, 2007          _____
                                   FRANK SULLIVAN

Dated: _____, 2007          _____
                                   RICHARD L. MILSNER

CONSENT ORDER
Case No. 04-04949 PJH (EMC)

1

FOR INDIVIDUAL DEFENDANTS:

2

3

Dated: _____, 2007

4
　　　　　　　　　　　　　　　LAWRENCE J. MAZZOLA, SR.

5

Dated: _____, 2007

6
　　　　　　　　　　　　　　　LAWRENCE J. MAZZOLA, JR.

7

Dated: _____, 2007

8
　　　　　　　　　　　　　　　WILLIAM B. FAZANDE

9

Dated: _____, 2007

10
　　　　　　　　　　　　　　　LARRY LEE

11

Dated: _7-16-07_, 2007
　　　　　　　　　　　　　　　JAMES R. SHUGRUE

12

Dated: _____, 2007

13
　　　　　　　　　　　　　　　VOHON J. KAZARIAN

14

Dated: _____, 2007

15
　　　　　　　　　　　　　　　TOM IRVINE

16

Dated: _____, 2007

17
　　　　　　　　　　　　　　　ROBERT E. BUCKLEY

18

Dated: _____, 2007

19
　　　　　　　　　　　　　　　ROBERT BUCKLEY, JR.

20

Dated: _____, 2007

21
　　　　　　　　　　　　　　　ART RUD

22

Dated: _____, 2007

23
　　　　　　　　　　　　　　　RON FAHY

24

Dated: _____, 2007

25
　　　　　　　　　　　　　　　ROBERT NURISSO

26

Dated: _____, 2007

27
　　　　　　　　　　　　　　　FRANK SULLIVAN

28

Dated: _____, 2007
　　　　　　　　　　　　　　　RICHARD L. MILSNER

- 15 -

FOR INDIVIDUAL DEFENDANTS:

Dated: _____, 2007

_____
LAWRENCE J. MAZZOLA, SR.

Dated: _____, 2007

_____
LAWRENCE J. MAZZOLA, JR.

Dated: _____, 2007

_____
WILLIAM B. FAZANDE

Dated: _____, 2007

_____
LARRY LEE

Dated: _____, 2007

_____
JAMES R. SHUGRUE

Dated: _____, 2007

_____
VOHON J. KAZARIAN

Dated: _____, 2007

_____
TOM IRVINE

Dated: _____, 2007

_____
ROBERT E. BUCKLEY

Dated: _____, 2007

_____
ROBERT BUCKLEY, JR.

Dated: _____, 2007

_____
ART RUD

Dated: _____, 2007

_____
RON FAHY

Dated: _____, 2007

_____
ROBERT NURISSO

Dated: _____, 2007

_____
FRANK SULLIVAN

Dated: _____, 2007

_____
RICHARD L. MILSNER

- 15 -

1

2          FOR INDIVIDUAL DEFENDANTS:

3
4    Dated: _____, 2007    _____
                                     LAWRENCE J. MAZZOLA, SR.
5
6    Dated: _____, 2007    _____
                                     LAWRENCE J. MAZZOLA, JR.
7
8    Dated: _____, 2007    _____
                                     WILLIAM B. FAZANDE
9
10   Dated: _____, 2007    _____
                                     LARRY LEE
11
     Dated: _____, 2007    _____
                                     JAMES R. SHUGRUE
12
13   Dated: _____, 2007    _____
                                     VOHON J. KAZARIAN
14
15   Dated: _____, 2007    _____
                                     TOM IRVINE
16
17   Dated: _____, 2007    _____
                                     ROBERT E. BUCKLEY
18
19   Dated: _____, 2007    _____
                                     ROBERT BUCKLEY, JR.
20   Dated: _____, 2007    _____
                                     ART RUD
21
22   Dated: 7 - 17_____, 2007    _____
                                     RON FAHY
23
24   Dated: _____, 2007    _____
                                     ROBERT NURISSO
25
26   Dated: _____, 2007    _____
                                     FRANK SULLIVAN
27
28   Dated: _____, 2007    _____
                                     RICHARD L. MILSNER

- 15 -

1

FOR INDIVIDUAL DEFENDANTS:

2

3

Dated: _____, 2007

4

_____
LAWRENCE J. MAZZOLA, SR.

5

Dated: _____, 2007

6

_____
LAWRENCE J. MAZZOLA, JR.

7

Dated: _____, 2007

8

_____
WILLIAM B. FAZANDE

9

Dated: _____, 2007

10

_____
LARRY LEE

11

Dated: _____, 2007

12

_____
JAMES R. SHUGRUE

13

Dated: _____, 2007

_____
VOHON J. KAZARIAN

14

Dated: _____, 2007

15

_____
TOM IRVINE

16

Dated: _____, 2007

17

_____
ROBERT E. BUCKLEY

18

Dated: _____, 2007

19

_____
ROBERT BUCKLEY, JR.

20

Dated: _____, 2007

21

_____
ART RUD

22

Dated: _____, 2007

_____
RON FAHY

23

Dated: _____, 2007

24

_____
ROBERT NURISSO

25

Dated: _____, 2007

26

_____
FRANK SULLIVAN

27

Dated: _____, 2007

28

_____
RICHARD L. MILSNER

**CONSENT ORDER**
**Case No. 04-04949 PJH (EMC)**

FOR DEFENDANTS U.A. LOCAL 38 PENSION
TRUST FUND, U.A. LOCAL 38 PENSION
HEALTH & WELFARE TRUST FUND, U.A.
LOCAL 38 APPRENTICE & JOURNEYMAN;
U.A. LOCAL 38 VACATION & HOLIDAY
TRUST FUND, AND U.A. LOCAL 38
SCHOLARSHIP TRUST FUND:

Dated: 7-9-07 , 2007

_____
LAWRENCE J. MAZZOLA, SR.   Trustee

Dated: 7/9 , 2007

_____
LAWRENCE J. MAZZOLA, JR.   Trustee

Dated: 7/10 , 2007

_____
ROBERT E. BUCKLEY, SR. Trustee

Dated: 7/10 , 2007

_____
ROBERT E. BUCKLEY, JR. Trustee

Dated: July 10 , 2007

_____
ROBERT NURISSO            Trustee

Dated: _____ , 2007

_____
ART RUD                   Trustee

Dated: _____ , 2007

_____
RON FAHY                  Trustee

Dated: 7-11 , 2007

_____
ARMAND KILIJIAN           Trustee

Dated: 7-9- , 2007

_____
STEVE JENNINGS            Trustee

Dated: 7-9- , 2007

_____
WILLIAM BLACKWELL         Trustee

Dated: 7/10 , 2007

_____
FRANK REARDON             Trustee

- 16 -

CONSENT ORDER
Case No. 04-04949 PJH (EMC)

FOR DEFENDANTS U.A. LOCAL 38 PENSION
TRUST FUND, U.A. LOCAL 38 PENSION
HEALTH & WELFARE TRUST FUND, U.A.
LOCAL 38 APPRENTICE & JOURNEYMAN;
U.A. LOCAL 38 VACATION & HOLIDAY
TRUST FUND, AND U.A. LOCAL 38
SCHOLARSHIP TRUST FUND:

Dated: _____, 2007          _____
                                                      Trustee

Dated: _____, 2007          _____
                                                      Trustee

Dated: _____, 2007          _____
                                                      Trustee

Dated: _____, 2007          _____
                                                      Trustee

Dated: _____, 2007          _____
                                                      Trustee

Dated: _____, 2007          _____
                                                      Trustee

Dated: 7~17_____, 2007          _____
                                    RON FAHY          Trustee
                                                      TRUSTEE

Dated: _____, 2007          _____
                                                      Trustee

- 16 -

CONSENT ORDER
Case No. 04-04949 PJH (EMC)

FOR DEFENDANTS U.A. LOCAL 38 PENSION
TRUST FUND, U.A. LOCAL 38 PENSION
HEALTH & WELFARE TRUST FUND, U.A.
LOCAL 38 APPRENTICE & JOURNEYMAN;
U.A. LOCAL 38 VACATION & HOLIDAY
TRUST FUND, AND U.A. LOCAL 38
SCHOLARSHIP TRUST FUND:

Dated: _____, 2007          _____
                                                        Trustee

Dated: _____, 2007          _____
                                                        Trustee

Dated: _____, 2007          _____
                                                        Trustee

Dated: _____, 2007          _____
                                                        Trustee

Dated: _____, 2007          _____
                                                        Trustee

Dated: _____, 2007          _____
                                                        Trustee

Dated: _____, 2007          _____
                                                        Trustee

Dated: _____, 2007          _____
                                                        Trustee

- 16 -                                    CONSENT ORDER
                                          Case No. 04-04949 PJH (EMC)

FROM :                                                                      FAX NO.                                        Jun. 02 2007 09:51AM   P5

1                     FOR DEFENDANT U.A. LOCAL 38
2                     CONVALESCENT TRUST FUND:

3     Dated: _____, 2007       _____
4                          RICHARD L. MILSNER, Trustee

5

6                     FOR DEFENDANTS LOCAL 38 UNITED
7                     ASSOCIATION OF PLUMBERS, PIPEFITTERS,
                          AND JOURNEYMEN INTERNATIONAL
8

9     Dated: 7-11-07 ____, 2007     By: _____
10                     Its: _____

11

12                    FOR DEFENDANT LOCAL 38
13                    LAKESIDE HAVEN, INC.

14

15    Dated: _____, 2007     By: _____
16                     Its: _____

17

18    Approved as to form:

19    Dated: _____, 2007     JONES DAY

20

21                     By: _____
22                           JAMES P. BAKER
                        Attorneys for Defendants Lawrence J. Mazzola, Sr.,
23                    Lawrence J. Mazzola, Jr., William B. Fazande, Larry
                        Lee, James R. Shugrue, Vohon J. Kazarian, Tom
24                    Irvine, Robert E. Buckley, Robert Buckley, Jr., Art
                        Rud, Ron Fahy, Robert Nurisso, Frank Sullivan,
25                    U.A. Local 38 Convalescent Trust Fund, Richard L.
                        Milsner, U.A. Local 38 Pension Trust Fund, U.A.
26                    Local 38 Health & Welfare Trust Fund, U.A. Local
27                    38 Apprentice & Journeyman Training Trust Fund,
                        U.A. Local 38 Vacation & Holiday Trust Fund and
28                    U.A. Local 38 Scholarship Trust Fund

-17-                  **CONSENT ORDER**
                                     Case No. 04-04949 PJII (EMC)

1

2

FOR DEFENDANT U.A. LOCAL 38
CONVALESCENT TRUST FUND:

3

4

Dated: _____, 2007

RICHARD L. MILSNER, Trustee

5

6

7

8

FOR DEFENDANTS LOCAL 38 UNITED
ASSOCIATION OF PLUMBERS, PIPEFITTERS,
AND JOURNEYMEN INTERNATIONAL

9

Dated: _____, 2007

By:_____

10

Its: _____

11

12

13

FOR DEFENDANT LOCAL 38
LAKESIDE HAVEN, INC.

14

15

Dated: _____, 2007

By:_____

16

Its: _____

17

18

Approved as to form:

19

Dated: _____, 2007

JONES DAY

20

21

By:_____
JAMES P. BAKER

22

23

24

25

26

27

28

Attorneys for Defendants Lawrence J. Mazzola, Sr.,
Lawrence J. Mazzola, Jr., William B. Fazande, Larry
Lee, James R. Shugrue, Vohon J. Kazarian, Tom
Irvine, Robert E. Buckley, Robert Buckley, Jr., Art
Rud, Ron Fahy, Robert Nurisso, Frank Sullivan,
U.A. Local 38 Convalescent Trust Fund, Richard L.
Milsner, U.A. Local 38 Pension Trust Fund, U.A.
Local 38 Health & Welfare Trust Fund, U.A. Local
38 Apprentice & Journeyman Training Trust Fund,
U.A. Local 38 Vacation & Holiday Trust Fund and
U.A. Local 38 Scholarship Trust Fund

- 17 -

FOR DEFENDANT U.A. LOCAL 38
CONVALESCENT TRUST FUND:

Dated: _____, 2007     _____
                                  RICHARD L. MILSNER, Trustee

FOR DEFENDANTS LOCAL 38 UNITED
ASSOCIATION OF PLUMBERS, PIPEFITTERS,
AND JOURNEYMEN INTERNATIONAL

Dated: _____, 2007     By: _____

                                  Its: _____

FOR DEFENDANT LOCAL 38
LAKESIDE HAVEN, INC.

Dated: _____, 2007     By: _____

                                  Its: ____Director_____

Approved as to form:

Dated: _____, 2007     JONES DAY

                                  By: _____
                                       JAMES P. BAKER
                                  Attorneys for Defendants Lawrence J. Mazzola, Sr.,
                                  Lawrence J. Mazzola, Jr., William B. Fazande, Larry
                                  Lee, James R. Shugrue, Vohon J. Kazarian, Tom
                                  Irvine, Robert E. Buckley, Robert Buckley, Jr., Art
                                  Rud, Ron Fahy, Robert Nurisso, Frank Sullivan,
                                  U.A. Local 38 Convalescent Trust Fund, Richard L.
                                  Milsner, U.A. Local 38 Pension Trust Fund, U.A.
                                  Local 38 Health & Welfare Trust Fund, U.A. Local
                                  38 Apprentice & Journeyman Training Trust Fund,
                                  U.A. Local 38 Vacation & Holiday Trust Fund and
                                  U.A. Local 38 Scholarship Trust Fund

CONSENT ORDER
Case No. 04-04949 PJH (EMC)

FOR DEFENDANT U.A. LOCAL 38
CONVALESCENT TRUST FUND:

Dated: _____, 2007     _____
                                      RICHARD L. MILSNER, Trustee

FOR DEFENDANTS LOCAL 38 UNITED
ASSOCIATION OF PLUMBERS, PIPEFITTERS,
AND JOURNEYMEN INTERNATIONAL

Dated: _____, 2007     By:_____

                                 Its: _____

FOR DEFENDANT LOCAL 38
LAKESIDE HAVEN, INC.

Dated: _____, 2007     By:_____

                                 Its: _____

Approved as to form:

Dated: _____07/16_____, 2007     JONES DAY

                                 By:_____
                                      JAMES P. BAKER
                                 Attorneys for Defendants Lawrence J. Mazzola, Sr.,
                                 Lawrence J. Mazzola, Jr., William B. Fazande, Larry
                                 Lee, James R. Shugrue, Vohon J. Kazarian, Tom
                                 Irvine, Robert E. Buckley, Robert Buckley, Jr., Art
                                 Rud, Ron Fahy, Robert Nurisso, Frank Sullivan,
                                 U.A. Local 38 Convalescent Trust Fund, Richard L.
                                 Milsner, U.A. Local 38 Pension Trust Fund, U.A.
                                 Local 38 Health & Welfare Trust Fund, U.A. Local
                                 38 Apprentice & Journeyman Training Trust Fund,
                                 U.A. Local 38 Vacation & Holiday Trust Fund and
                                 U.A. Local 38 Scholarship Trust Fund

1

2    Dated: 7/16 _____, 2007          MANDELL LAW GROUP, PC

3

4                                       By: _____

5                                           DOUGLAS D. MANDELL
                                        Attorneys for Defendants Local 38 United
6                                       Association of Plumbers, Pipefitters, and
                                        Journeymen International and Local 38 Lakeside
7                                       Haven, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONSENT ORDER**
                                              **Case No. 04-04949 PJH (EMC)**