James P. Baker (SBN 096302)
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099
Email: james.baker@bakermckenzie.com

Attorneys for Defendants
Lawrence J. Mazzola; Lawrence Mazzola, Jr.;
William B. Fazande; Larry Lee; James R. Shugrue;
Vohon J. Kazarian; Tom Irvine; Robert E. Buckley;
Robert Buckley, Jr.; Art Rud; Ron Fahy; Robert
Nurisso; Frank Sullivan; U.A. Local 38 Pension
Trust Fund; U.A. Local 38 Health & Welfare Trust
Fund; U.A. Local 38 Apprentice & Journeyman
Training Trust Fund; U.A. Local 38 Scholarship
Trust Fund; U.A. Local 38 Vacation and Holiday
Trust Fund; U.A. Local 38 Convalescent Trust Fund
and Richard L. Milsner

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE J. MAZZOLA, et al.,<br><br>Defendants. | **Case No. C 04 4949 PJH**<br><br>**NOTICE OF MOTION AND MOTION TO MODIFY CONSENT DECREE; AND [PROPOSED] ORDER**<br><br>Date: April 4, 2018<br>Time: 9:00 a.m.<br>Courtroom: 3 —3rd Floor<br>Judge: Hon. Phyllis J. Hamilton |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

NOTICE OF MOTION AND MOTION TO MODIFY CONSENT DECREE; AND [PROPOSED] ORDER
CASE NO.: C04-04949 PJH


# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that at 9:00 a.m. on April 4, 2018, in the United States District Court, Courtroom 3 - 3rd Floor, located at 1301 Clay Street, Oakland, California, before the Honorable Phyllis J. Hamilton, Defendants Lawrence J. Mazzola; Lawrence Mazzola, Jr.; William B. Fazande; Larry Lee; James R. Shugrue; Vohon J. Kazarian; Tom Irvine; Robert E. Buckley; Robert Buckley, Jr.; Art Rud; Ron Fahy; Robert Nurisso; Frank Sullivan; U.A. Local 38 Pension Trust Fund; U.A. Local 38 Health & Welfare Trust Fund; U.A. Local 38 Apprentice & Journeyman Training Trust Fund; U.A. Local 38 Scholarship Trust Fund; U.A. Local 38 Vacation and Holiday Trust Fund; U.A. Local 38 Convalescent Trust Fund and Richard L. Milsner ("Trustees"), through undersigned counsel, will, and do hereby move this Court for an Order granting approval of its Motion to Modify the Consent Decree in this case dated August 17, 2007.

This Motion will be based on the Notice of Motion and Motion and accompanying Memorandum of Points and Authorities, the Declaration of James E. Bishop, and the pleadings and records on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

Secretary of Labor, Elaine L. Chao, filed this lawsuit against the Trustees over 13 years ago. Since then, the parties vigorously prosecuted, and resisted, the claims on both substantive and procedural bases. Following this Court's denial of cross-motions for summary judgment, and following a mandatory settlement conference in front of Magistrate Judge Zimmerman, the parties agreed to enter into a Consent Decree.

The Consent Decree allowed the parties to avoid the delay, added expense and uncertainty of continued litigation. The goals of the 2007 Consent Decree are best served by modifying the Consent Decree for the reasons set forth below.

### I.    STATEMENT OF ISSUE TO BE DECIDED

1. Whether the Court should grant this Motion to Modify the Consent Decree because application of the Consent Decree prospectively is no longer equitable.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
+1 415 576 3000

1
NOTICE OF MOTION AND MOTION TO MODIFY CONSENT DECREE; AND [PROPOSED] ORDER
CASE NO.: C04-04949 PJH

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This Court is familiar with the background of this case. It involves a dispute between the Trustees and the Department of Labor over whether inter-fund transfers that had been on-going between 1972 and 2003 were a breach of fiduciary duty under ERISA. Although both parties vehemently believed in their respective positions, with the help of this Court and Magistrate Judge Zimmerman, the case settled. Under the terms of the Consent Decree, the finances of the Local 38 Defined Benefit Pension Trust Fund were supervised for six (6) years by an Independent Plan Administrator. In addition, this Court appointed WhiteStar Advisors, LLC ("WhiteStar"), to operate, manage and sell the Konocti Harbor Resort and Spa ("Konocti"). Declaration of James E. Bishop ("Bishop Decl.") at ¶ 3. WhiteStar decided to close Konocti in 2009 due to its lack of profitability. *Id*. at ¶ 7. It has endeavored to sell Konocti over the course of the last 10 years. Although many initial offers were made to purchase Konocti, none were finalized until now. *Id*. at ¶ 5.

At the time the Consent Decree was entered, the parties believed that Konocti would have a sales price in excess of ten million dollars ($10,000,000.00). Bishop Decl. at ¶ 9. Unfortunately, a series of unforeseen events, including recent wild fires have devastated real estate values in Lake County, California, where Konocti is located. *Id*. at ¶ 6. As a result of Konocti's closure in 2009, some of the facilities at Konocti have not been fully maintained. *Id*. at ¶ 8. Attached as Exhibit A to the Bishop Decl. is a memorandum from Mr. Bishop describing the current Konocti Purchase Agreement. The sales price for Konocti is now five million dollars ($5,000,000.00). *Id*. at ¶ 11. WhiteStar has determined the five million dollar ($5,000,000.00) sales price is fair and reasonable.

At the time the Consent Decree was entered into in 2007, the U.A. Local 38 Union had a four million dollar ($4,000,000.00) outstanding loan to the U.A. Local 38 Convalescent Trust Fund ("Convalescent Fund"), which owns Konocti. *Id*. at ¶ 12. Since that time, the four million dollar ($4,000,000.00) loan has been fully repaid. *Id*. All of the Konocti net sales proceeds will now flow to the U.A. Local 38 Defined Benefit Pension Trust Fund. *Id*. Under the terms of the 2007 Consent Decree, the U.A. Local 38 Union was to receive the first four million dollars ($4,000,000.00) from any Konocti sales proceeds. *Id*. at ¶ 4. The U.A. Local 38 Defined Benefit Pension Trust Fund was

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

2
NOTICE OF MOTION AND MOTION TO MODIFY CONSENT DECREE; AND [PROPOSED] ORDER
CASE NO.: C04-04949 PJH

to then receive the next six million dollars ($6,000,000.00). *Id*. Again, in light of the retirement of the Local 38 Union loan, all of Konocti's net sale proceeds will now solely be paid to the U.A. Local 38 Defined Benefit Pension Trust Fund.

### A.     Legal Standard

Fed. R. Civ. P. 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The Trustees rely on Rule 60(b)(5) because application of the respective judgment "prospectively is no longer equitable." A party invoking Rule 60(b)(5) must satisfy a two-prong standard. *United States v. Asarco, Inc.*, 430 F.3d 972, 979 (9th Cir. 2005) (citing *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992)). First, "[t]he moving party must satisfy an initial burden of showing a significant change either in factual conditions or in the law warranting modification of the [judgment]." *Id*. (citing Rufo, 502 U.S. at 384). Next, "the proposed modification [must be] suitably tailored to resolve the problems created by the changed factual or legal conditions." *Id*. (citing Rufo, 502 U.S. at 391). If the movant can point to "significantly changed factual conditions, ... it must additionally show that the changed conditions make compliance with the [judgment] 'more onerous,' 'unworkable,' or 'detrimental to the public interest.'" *Id*. (citing *Small v. Hunt*, 98 F.3d 789, 795 (4th Cir. 1996) and quoting *Rufo*, 502 U.S. at 384).

To justify relief under Rule 60(b)(5) on the ground that a judgment "prospectively is no longer equitable," a party must first "satisfy [an] initial burden of showing a significant change either in factual conditions or in the law warranting modification of the [judgment]." *Asarco,*

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

1   430 F.3d at 979 (citing *Rufo,* 502 U.S. at 384).  The Trustees do not suggest that the law has

2   changed. Rather, the Trustee assert that the real estate market for resort properties in Lake County,

3   California has markedly declined.  The Independent Fiduciary, WhiteStar, appointed by this Court,

4   to operate, manage and sell Konocti, has determined that five million dollars ($5,000,000.00) in

5   today's market is a fair and equitable price today for the Konocti property.  Bishop Decl. at ¶ 11.

6         The proposed modification to the Consent Decree, reducing the sales price to five million

7   dollars ($5,000,000.00) and indicating the net proceeds are to be paid solely to the Local 38 Defined

8   Benefit Pension Trust Fund, are suitably tailored to resolve the problems created by the retirement

9   of the four million dollar ($4,000,000.00) Union loan, as well as the deterioration of the real estate

10  market for resort properties in Lake County, California.

### B. Foreseeability of Changed Factual Conditions.

12  "Ordinarily ... modification should not be granted where a party relies upon events that

13  actually were anticipated" at the time judgment was entered. *See Rufo,* 502 U.S. at 385; *see also*

14  *Labor/Community Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth.,* 564 F.3d 1115, 1120

15  (9th Cir. 2009) (noting that moving party must demonstrate the change was not anticipated at the

16  time judgment was entered). "[W]here a party relies upon events that actually were anticipated at

17  the time" judgment was entered, modification should be granted only if the party satisfies the

18  "heavy burden [of convincing the] court that it agreed to the [judgment] in good faith, made a

19  reasonable effort to comply with the decree, and should be relieved of the undertaking under

20  Rule 60(b)." *Rufo,* 502 U.S. at 385.

21        The declaration of James E. Bishop, filed in support of the pending motion to modify the

22  Consent Decree, indicates the market prices for resort real estate, such as Konocti, in Lake County,

23  California have significantly declined.  Maintaining the ten million dollar ($10,000,000.00)

24  minimum sales price for Konocti under these circumstances would be inequitable. Mr. Bishop states

25  as this Court's appointed Independent Fiduciary, that the five million dollar ($5,000,000.00) sales

26  price under consideration for Konocti is both fair and reasonable.  Bishop Decl. at ¶ 11.

27        The Trustees hereby move that Section V of the 2007 Consent Order, titled "Independent

28  Fiduciary" should be changed.  It currently provides at subsection G as follows:

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

4
NOTICE OF MOTION AND MOTION TO MODIFY CONSENT DECREE; AND [PROPOSED] ORDER
CASE NO.: C04-04949 PJH


In the event Konocti is sold, the Independent Fiduciary shall allocate and distribute the proceeds from the sale as follows:

(1) Local 38 will receive the first $4 million (four million dollars) owed to Local 38 on the outstanding principal balance and unpaid interest on its loan, originating on September 29, 2000 and as subsequently rewritten and amended through June 14, 2007, to the Convalescent Fund (hereinafter the "Loan"), with such outstanding principal balance and unpaid interest to be calculated as of the date or dates of distribution of the sales proceeds.

(2) The Pension Plan shall receive the next $6 million (six million dollars).

(3) Local 38 and the Pension Plan shall, when the buyer pays each installment of any additional sales proceeds, share any additional proceeds equally until the outstanding balance on the Loan is repaid.

(4) After payments (1) through (3) have been made, the Pension Plan shall receive the remainder of the sales proceeds.

For these reasons,

**IT IS SO ORDERED**

1. Consent Order Article V "Independent Fiduciary," subsection G is modified by replacing the current language with the following:

   In the event Konocti is sold, the Independent Fiduciary shall allocate and distribute the proceeds from the sale as follows:

   (1) The U.A. Local 38 Defined Benefit Pension Trust Fund shall receive all of the net sale proceeds.

Dated: _____   _____
                                              HONORABLE PHYLLIS J. HAMILTON
                                              UNITED STATES DISTRICT COURT JUDGE

/ / /

/ / /

/ / /

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA 94111
+1 415 576 3000

5

NOTICE OF MOTION AND MOTION TO MODIFY CONSENT DECREE; AND [PROPOSED] ORDER
CASE NO.: C04-04949 PJH

Respectfully submitted,

Dated: February 26, 2018

**BAKER & McKENZIE LLP**

By:   /s/ James P. Baker
         James P. Baker

Attorneys for Defendants
Lawrence J. Mazzola; Lawrence Mazzola, Jr.; William B. Fazande; Larry Lee; James R. Shugrue; Vohon J. Kazarian; Tom Irvine; Robert E. Buckley; Robert Buckley, Jr.; Art Rud; Ron Fahy; Robert Nurisso; Frank Sullivan; U.A. Local 38 Pension Trust Fund; U.A. Local 38 Health & Welfare Trust Fund; U.A. Local 38 Apprentice & Journeyman Training Trust Fund; U.A. Local 38 Scholarship Trust Fund; U.A. Local 38 Vacation and Holiday Trust Fund; U.A. Local 38 Convalescent Trust Fund and Richard L. Milsner

Baker & McKenzie LLP
Two Embarcadero Center,
11th Floor
San Francisco, CA  94111
+1 415 576 3000

6
NOTICE OF MOTION AND MOTION TO MODIFY CONSENT DECREE; AND [PROPOSED] ORDER
CASE NO.: C04-04949 PJH